IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EX REL. THOMAS PIERSON, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 06 C 2943 ) |
| ROGER ZIMMERMAN, Warden, Western Illinois Correctional Center, | ) Wayne R. Andersen ) District Judge ) ) |
| Respondent. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on Thomas Pierson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, we deny the petition.

## BACKGROUND

For purposes of federal habeas review, "a determination of a factual issue made by a state court shall be presumed to be correct." 28 U.S.C. § 2254(e). Accordingly, we adopt the Illinois appellate court's findings of fact as our own. In the Circuit Court of LaSalle County, Pierson was convicted of one count of aggravated criminal sexual abuse and three counts of predatory criminal sexual assault of a child for incidents involving Pierson and his six-year-old daughter. Pierson was first represented by public defender, Timothy Cappellini. Initially, the prosecutor offered a negotiated plea agreement containing a ten-year sentence. Pierson did not accept the offer, he fired Cappellini and replaced him with private counsel, Stephen Terrando. The prosecutor made another plea offer, this time with fifty-year sentence. Pierson rejected the fifty-year offer and

1

proceeded to a bench trial in May 1999. He was found guilty and the trial court sentenced Pierson to an aggregate thirty-year term of imprisonment. The Illinois Appellate Court denied Pierson's appeal that his sentence was too lengthy and affirmed the trial court's sentence. Petitioner then filed a post-conviction petition and a supplemental petition alleging ineffective assistance during plea negotiations, stating that Cappellini and Terrando failed to advise him that the plea offers meant he faced mandatory consecutive sentencing and his lack of that knowledge caused him to reject the plea offers. The trial court found that although Terrando should have advised Pierson of the mandatory consecutive sentences, Pierson could not show prejudice because, the court stated, Pierson would not even enter into negotiations with the state. Also, the trial court did not find evidence that Cappellini's representation was deficient. Rather, that court noted that Pierson fired Cappellini after the ten-year plea was offered and determined that Pierson's supplemental petition lacked credibility. (Resp. Ex. K at 5.)

On post-conviction appeal, Pierson again argued ineffective assistance of counsel, contending that "his attorneys did not adequately inform [him] so that he could make an informed decision whether or not to accept the 10-year plea offer." (Resp. Ex. I at 10-11). The appellate court analyzed Pierson's claim under the *Strickland* standard and affirmed that Cappellini was not ineffective:

> The evidence demonstrates that Cappellini was very familiar with the truth-in-sentencing laws and that his normal practice is to discuss their ramifications, as well as consecutive sentencing, with his clients. Therefore, we cannot say the trial court's finding that Cappellini's performance was not deficient is unreasonable, arbitrary, and not supported by the evidence.

2

(resp. Ex. K at 7-8 referring to *Strickland v. Washington*, 466 U.S. 668 (1984)). The appellate court also noted that, although the trial court held that Terrando was deficient for failing to advise Pierson that he faced mandatory consecutive sentences, the trial court had determined that Pierson was not prejudiced because there was no reasonable probability that Pierson would have accepted the plea but for counsel's advice. (Resp. Ex. K at 9-10.) The appellate court stated:

> Our Supreme Court has held that, standing alone, Pierson's testimony that he would have accepted a plea offer had he been told that consecutive sentences were mandatory "is subjective, self-serving, and * * * insufficient to satisfy the *Strickland* requirement for prejudice." *See People v. Curry*, 178 Ill. 2d 509, 531, citing *Turner v. Tennessee*, 858 F.2d 1201, 1206 (6th cir. 1988), *vacated on other grounds*, 492 U.S. 902, 106 L. Ed. 2d 559, 109 S. Ct. 3208 (1989). The State relies on the trial court's conclusion that nothing in the record, other than Pierson's own testimony, supports a finding that Pierson would have pled guilty if he had known consecutive sentencing was mandatory.

(Resp. Ex. K at 6.)

Pierson's petition for leave to appeal to the Illinois Supreme Court was denied on September 29, 2005. *See People v. Pierson*, 216 Ill.2d 721 (2005). In March, 2006, Pierson petitioned for the instant writ of habeas corpus under 28 U.S.C. § 2254 and alleges his Sixth Amendment right to counsel was violated because his attorneys failed to warn him that he faced mandatory consecutive sentencing.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 provides that federal courts may not grant habeas relief under Section 2254 unless the state court's judgment "(1) resulted in a decision that was contrary to, or involved an unreasonable

3

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *See Williams v. Taylor*, 529 U.S. 362, 386 (2000); *Boss v. Pierce*, 263 F.3d 734, 738 (7th cir. 2001). In addition, Section 2254 allows for habeas relief only if the state court decision lies "well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002).

In this case, the parties agree that, because he has no further avenues in state court through which to challenge his convictions, Pierson has exhausted his state court remedies for purposes of federal habeas review. Therefore, we must address the merits of Pierson's claims. Title 28, United States Code, Section 2254(d) governs the consideration of any claim adjudicated by a state court on its merits. Under that statute, we may grant habeas relief only if the state court's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(2)(1). Under subsection (d)(2), habeas relief is possible if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254 (d)(2); *Williams v. Taylor*, 529 U.S. 362, 376 (2000)(stating to prevent 'retrials' on federal habeas petitions and to give effect to state convictions to the extent possible under the law we must give deference to the state court's findings of facts, "as long as those decisions do not conflict with federal law or apply federal law in an unreasonable way." )

Pierson claims that his attorneys were ineffective and deprived him of his right to effective counsel under the Sixth Amendment. When analyzing a claim for ineffective assistance of trial counsel, the court applies the two-pronged test set forth in *Strickland v. Washington*. Pierson must establish evidence that: (1) his attorney's performance fell below an objective standard of reasonableness (the "performance prong"); and (2) that counsel's deficiencies prejudiced his defense (the "prejudice prong"). *Id* at 688-92.

The performance prong requires Pierson to identify specific acts or omissions that form the basis of his ineffective assistance claim. *Id* at 690. Based on the totality of the circumstances, the court must then determine whether the identified acts and omissions fall outside the range of professionally competent assistance. *Id.* Courts begin this analysis with a strong presumption that counsel rendered reasonably effective assistance. *United States v. Moralez*, 064 F.2d 677, 683 (7th Cir. 1992).

The prejudice prong requires petitioner to "show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 695. The courts also presume that there is no prejudice by errors committed. *United States ex rel. Partee v. Lane*, 926 F.2d 694, 700 (7th Cir. 1991). Failure to satisfy either the performance prong or prejudice prong of the *Strickland* test is fatal to an ineffectiveness claim. *Chichakly v. United States*, 926 F.2d 624, 630 (7th Cir. 1991).

*Ineffective Assistance of Counsel Claim against Cappellini*

5

Pierson argues that the ten-year offer was not properly explained to him by his first attorney, public defender Cappellini. Pierson states he did not understand the offer and because of this communication breakdown, Pierson replaced Cappellini with Terrando. Pierson testified that Cappellini told him not to accept the ten-year offer, but Cappellini testified that he never advised Pierson to reject the plea offer. (Resp. Ex K at 2-3). At the post-conviction hearing stage, the trial court found no evidence, other than Pierson's self-serving statement, that Cappellini's actions were unreasonable. The court determined it was not evident that Cappellini had advised Pierson not to accept the ten-year offer, that he failed to tell him about consecutive sentencing, or that Pierson would have accepted the offer had he been told of the sentencing requirements. (Resp. Ex. K at 4). In considering whether his performance was acceptable, that court also noted Cappellini's familiarity with the sentencing laws, the mandatory sentencing requirements, and truth-in-sentencing laws. (Resp. Ex. K at 8.) Based on these findings, the trial court held that Cappellini was not ineffective. The appellate court upheld the trial court's ruling and found that Cappellini's performance was not deficient, that he was familiar with the truth-in-sentencing laws, and that, because he routinely discussed sentencing issues with his clients, his performance was presumably satisfactory.

Here, Pierson has not established that Cappellini was ineffective. He has not shown by clear and convincing evidence that the trial court's findings of fact were in error, nor has he offered any new evidence to rebut the trial court's findings of fact. It is neither unreasonable nor arbitrary that Cappellini's performance was found to be satisfactory, and therefore, Pierson's claim of ineffective assistance against Cappellini must fail.

*Ineffective Assistance of Counsel Claim against Terrando*

As to the ineffective counsel claim against his second attorney, Terrando, Pierson asserts a new allegation of ineffectiveness that has not been presented to the state court. Pierson now claims that his Sixth Amendment right to effective counsel was violated because Terrando did not properly inform him of the mandatory consecutive sentences that accompanied the *ten-year offer*. It has been established that Terrando was not Pierson's attorney at the time the ten-year offer was made, so a claim against Terrando for failing to advise Pierson regarding the ten-year offer cannot be sustained. Moreover, Pierson has not made this claim in his post-conviction pleadings, and thus, it is technically procedurally defaulted.

In addition, this claim will not succeed on the merits. As the Appellate Court of Illinois stated, Pierson did not sufficiently demonstrate that any deficient performance by either of his attorneys resulted in prejudice. Similarly, in the instant petition, Pierson fails to offer any evidence to establish that his attorneys were performing poorly or that he, or his case, had been prejudiced by their deficiencies. Therefore, Pierson fails to show that his constitutional rights were violated and his request for habeas relief is denied.

## CONCLUSION

For all of the foregoing reasons, Pierson's § 2254 petition for a writ of habeas corpus is denied.

It is so ordered.

Wayne R. Andersen
United States District Court

DATE January 11, 2007